The STATE of Texas, Appellant,

v.

William Owen JUVRUD, Appellee.

No. 08–02–00064–CR.

Court of Appeals of Texas,
El Paso.

Nov. 7, 2002.

Discretionary Review Granted
March 12, 2003.

---

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Brian Johnson, Asst. Dist. Atty., Asst. Atty. Gen., Austin, for appellee.

William Owen Juvrud, El Paso, pro se.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

In this case of first impression, we address whether a district court has the authority to discharge a defendant from deferred adjudication community supervision and dismiss the indictment before the defendant has satisfactorily completed a minimum of two years of community supervision. Answering this question in the affirmative, we affirm the trial court's order terminating Juvrud's community supervision and dismissing the indictment.

## FACTUAL AND PROCEDURAL SUMMARY

On September 14, 2000, an El Paso County grand jury indicted William Owen Juvrud, an attorney, for misapplication of fiduciary property (Count 1) and theft over $20,000 (Count 2) from his former employer, Gage, Gage & Kern, L.L.P., an El Paso law firm. On July 23, 2001, Juvrud entered a negotiated plea of guilty to Count 1 and the State, represented by a special prosecutor, dismissed Count 2 of the indictment. In accordance with the agreement, the trial court deferred adjudication of guilt and placed Juvrud on community supervision for a term of ten years. The court ordered Juvrud to pay restitution to the law firm in the sum of $15,000. Less than four months later, Juvrud filed a "Motion to Dismiss and Discharge Probation." Over the State's objection that Juvrud had not completed two years of his community supervision term, the trial court granted Juvrud's motion. The State timely filed notice of appeal.

## STATE'S RIGHT TO APPEAL

Before reaching the merits, we must address Juvrud's challenge to the State's

ability to appeal the trial court's order dismissing the indictment. Article 44.01(a)(1) of the Code of Criminal Procedure authorizes the State to appeal any order of a trial court dismissing an indictment. *See* Tex.Code Crim.Proc.Ann. art. 44.01(a)(1)(Vernon Pamph.2002). Citing *State v. Moreno*, 807 S.W.2d 327 (Tex. Crim.App.1991), Juvrud contends that the State's right to appeal is limited to an order of the trial court which effectively terminates the prosecution before trial on the merits. Because the trial court dismissed the indictment after he had entered his guilty plea, Juvrud reasons that the State is not permitted to appeal. We disagree.

■ In *Moreno*, the trial court granted the defendant's motion to quash the indictment but struck through language in the order stating that "this cause is dismissed." *Id.* at 328. The court of appeals dismissed the State's appeal for want of jurisdiction since the trial court had not ordered the indictment dismissed and the State had not attempted to amend the indictment. *Id.* at 329. The Court of Criminal Appeals reversed, holding that the phrase "dismisses an indictment" as used in Article 44.01(a)(1) is implicated whenever the trial court's order forces any alteration of a charging instrument before trial on the merits and the State is not willing to comply with that order. *Id.* at 334. En route to this decision, the court noted that when the Legislature adopted Article 44.01 in 1987, it intended to afford the State the same appellate powers afforded the federal government under 18 U.S.C. § 3731. *Moreno*, 807 S.W.2d at 332. Under the federal statute, the government is permitted to appeal from a judgment, decision, or order of a district court dismissing an indictment or information, except that no appeal lies where the double jeopardy clause prohibits further prosecution. *Id.*

at 331. In other words, the State is not permitted to appeal from an acquittal of the defendant following trial on the merits. With this in mind, the Court of Criminal Appeals concluded that the State has the power to appeal from any trial court order concerning an indictment or information whenever the order effectively terminates the prosecution in favor of the defendant. *Id.* Given that the State is prohibited from appealing an acquittal, the court's specific holding that the State may appeal from an order dismissing an indictment *before trial on the merits* makes sense. As a general rule, dismissal of an indictment after trial on the merits will implicate the double jeopardy clause.

■ Here, Juvrud's prosecution was still pending prior to the entry of the trial court's order dismissing the indictment. If Juvrud had violated the terms and conditions of probation, the State had the ability to file a motion to adjudicate his guilt and proceed with sentencing. The trial court's order discharging Juvrud from community supervision and dismissing the indictment prior to the expiration of the community supervision period effectively terminated the prosecution. While the dismissal of the indictment occurred subsequent to the entry of Juvrud's guilty plea rather than before trial on the merits, the order nevertheless had the effect of terminating the prosecution before its conclusion. In these circumstances, the State's right of appeal does not implicate the double jeopardy clause. We conclude that permitting the State to appeal does not violate *Moreno*.

Juvrud relies on two other cases in support of his argument that the State is not permitted to appeal. *See State v. Cordell*, 34 S.W.3d 719 (Tex.App.-Fort Worth 2000, pet. ref'd); *State v. Welch*, 810 S.W.2d 13 (Tex.App.-Amarillo 1991, no pet.). In *Cordell*, the trial court granted the defendant's

motion to quash one of two paragraphs of an information charging him with driving while intoxicated. *Cordell,* 34 S.W.3d at 720. The State appealed. The defendant argued that because the State could have proceeded to trial on the remaining paragraph, the order did not terminate the prosecution. *Id.* Following *Moreno,* the Fort Worth Court of Appeals determined that the order effectively terminated the prosecution with respect to the quashed paragraph such that the State had the right to appeal. *Id.* at 720–21.

In *Welch,* the trial court denied the State's motion for continuance and called the case for trial. *Welch,* 810 S.W.2d at 14. When the State presented no witnesses or other evidence, the defense moved for an instructed verdict of not guilty. *Id.* at 14–15. The trial court granted the motion and later entered a written order entitled "Order Declaring Instructed Verdict" which dismissed the cause with prejudice. *Id.* at 15. Because the trial court effectively found the defendant not guilty following the attachment of jeopardy, the court of appeals held that the State did not have the right of appeal. *Id.* at 16. This case is distinguishable as it does not involve an acquittal following the attachment of jeopardy.

Because the trial court's order had the effect of terminating the prosecution before its conclusion, the State is permitted to appeal by virtue of Article 44.01(a)(1). Consequently, we may exercise jurisdiction.

## EARLY TERMINATION OF DEFERRED ADJUDICATION

In its sole point of error, the State contends that the trial court lacked the authority to discharge Juvrud's community supervision and dismiss the indictment before he had satisfactorily completed two years of community supervision as required by Article 42.12, section 20.[1] Juvrud responds that Section 20 does not apply to deferred adjudication community supervision. Instead, he maintains the trial court discharged him pursuant to Article 42.12, section 5(c),[2] which does not impose the two year minimum.

█ Article 42.12 governs the various forms of community supervision, including deferred adjudication. As used in Article 42.12, the term "community supervision" refers to both "regular" or "straight" community supervision and deferred adjudication. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 2(2)(Vernon Supp.2002)(defining "community supervision" to mean the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which criminal proceedings are deferred without an adjudication of guilt, or a sentence of imprisonment or confinement and/or a fine is suspended in whole or in part). Different forms of community supervision are addressed in separate sections of Article 42.12: judge-ordered community supervision (Section 3), jury-recommended community supervision (Section 4), deferred adjudication (Section 5), shock community supervision in felony and misdemeanor cases (Sections 6 and 7), and the state boot camp program (Section 8). Section 5(a) authorizes a trial court to defer the adjudication of guilt and place the defendant on community supervision while Section 5(c), with certain limitations, permits the trial court to discharge the defendant either after or prior to the expiration of the term of community supervision. TEX.CODE CRIM.PROC.ANN. art.

---

1. TEX.CODE CRIM.PROC ANN. art. 42.12, § 20 (Vernon Supp.2002).

2. TEX CODE CRIM.PROC.ANN. art. 42.12, § 5.

42.12, § 5(a), (c). Unlike Section 20, Section 5(c) imposes no minimum term which must be completed before becoming eligible for early termination. Since Section 20 addresses termination of community supervision, the definition of which includes deferred adjudication, the State reasons that it must apply to deferred adjudication as well as regular community supervision.

### Section 5(c)

The current version of Section 5(c) provides as follows:

(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. *The judge may dismiss the proceedings and discharge a defendant,* other than a defendant charged with an offense requiring the defendant to register as a sex offender under Chapter 62, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997, *prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served.* The judge may not dismiss the proceedings and discharge a defendant charged with an offense requiring the defendant to register under Chapter 62, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997. Except as provided by Section 12.42(g), Penal Code, a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense. For any defendant who receives a dismissal and discharge under this section:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision with a deferred adjudication of guilt under this section in issuing, renewing, denying, or revoking a license under that chapter; and

(3) if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders, the Interagency Council on Sex Offender Treatment may consider the fact that the defendant has received community supervision under this section in issuing, renewing, denying, or revoking a license or registration issued by that council. [Emphasis added.]

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(c).

Our deferred adjudication statute was first enacted in 1975. Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 TEX.GEN. LAWS 572 (formerly Article 42.12, § 3d). The predecessor to Section 5(c) simply provided that "[t]he court may dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation if in its opinion the best interest of society and the defendant will be served." *Id.,* 1975 TEX.GEN.LAWS 573. A comparison of the former statute and the highlighted language in the current version reveals that the general provision for early termination of deferred adjudication has remained essentially unchanged despite many other changes to the statute. In 1993, the deferred adjudication law was moved to Article 42.12, section 5. Acts

1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen.Laws 3716, 3719–20. In 1995, the Legislature amended Section 5(c) to require that a person charged with certain sex offenses against children serve two-thirds of the period of community supervision before becoming eligible for early termination.[3] Acts 1995, 74th Leg., R.S., ch. 256, § 2, 1975 Tex.Gen.Laws 2191. With the 1999 amendments, the Legislature dropped the two-thirds requirement and instead prohibited early discharge for a defendant required to register under the sex offender registration statute. Acts 1999, 76th Leg., R.S., ch. 1415, § 5, 1999 Tex.Gen.Laws 4832.

### Section 20

Section 20, which is entitled "Reduction or Termination of Community Supervision," provides as follows:

(a) At any time, after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify *the original sentence imposed*, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that:

(1) proof of the conviction or plea of guilty shall be made known to the judge should the defendant *again* be convicted of any criminal offense; and

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision under this article in issuing, renewing, denying, or revoking a license under that chapter.

(b) This section does not apply to a defendant convicted of an offense under Sections 49.04–49.08, Penal Code, a defendant convicted of an offense for which on conviction registration as a sex offender is required under Chapter 62, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997, or a defendant convicted of an offense punishable as a state jail felony. [Emphasis added.]

Tex.Code Crim.Proc.Ann. art. 42.12, § 20.

The early termination provision was first enacted in 1957 as Article 781d, section 7, and it remained largely unchanged until recent amendments. Acts 1957, 55th Leg., R.S., ch. 226, 1957 Tex.Gen.Laws 466, 468.[4]

---

**3.** In 1995, Section 5(c) provided: "The judge may dismiss the proceedings and discharge a defendant charged with a felony described by Section 13B(b) of this article only if in the judge's opinion the best interest of society and the defendant will be served and the defendant has successfully completed at least two-thirds of the period of community supervision."

**4.** When enacted, Article 781d, § 7 provided: "At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of proba-

In 1965, the Legislature moved it to Article 42.12, section 7, and modified the language so that the section applied to a plea of *nolo contendere.* Acts 1965, 59th Leg., R.S., ch. 722, 1965 TEX.GEN.LAWS 489, 492. In 1983, the Legislature amended Section 7 to provide that early termination did not apply to a defendant on probation for certain alcohol-related offenses. Acts 1983, 68th Leg., R.S., ch. 303, § 12, 1983 TEX. GEN.LAWS 1591. The 1989 amendments moved the early termination provision to Section 23 and added the provision pertaining to an applicant for a license under Chapter 42. Acts 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 TEX.GEN.LAWS 3498, 3516. In 1993, the Legislature moved the early termination law to its current location, Section 20, and moved the exceptions pertaining to alcohol-related offenses to subsection (b) while adding state jail felonies to the list of offenses excepted from the section's application. *See* Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 TEX.GEN.LAWS 3716, 3739. Further, the 1993 amendments replaced all references to "probation" and "probationary period" with "community supervision" and "period of community supervision." [5] *Id.* The same replacement of terminology occurred throughout Article 42.12. Act of June 19,

1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 TEX.GEN.LAWS 3716–43. Finally, in 1999, the Legislature added the sex offender exception. Acts 1999, 76th Leg., R.S., ch. 1415, § 5(b), 1999 TEX.GEN.LAWS 4832–33.

### Standard of Review

▉▉▉ In determining whether Section 5(c) is the exclusive authority pertaining to early termination of deferred adjudication or whether Section 20 also applies, we are mindful that the overriding principle in interpreting statutes is to give effect to the collective intent of the Legislature. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991). When attempting to discern this collective legislative intent or purpose, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment. *Id.* We give effect to the plain meaning of the statute or provision unless doing so would lead to absurd consequences that were not possibly intended by the Legislature. *Id.*

▉▉▉ Asserting that Sections 20 and 5(c) are general and specific provisions, respectively, the State argues that when a specific provision and a general provision

---

tion may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said

conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense."

5. Prior to the 1993 amendments, Article 42.12 was known as the "Adult Probation Law." The general early termination provision was found in Section 23 and it spoke in terms of "probation" and "probationary period." *See* Act of June 15, 1989, 71st Leg., R.S., ch. 785, 1989 TEX.GEN.LAWS 3516, amended by Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 TEX.GEN.LAWS 3716, 3739. With the 1993 amendments, the Legislature changed the title of Article 42.12 to "Community Supervision." *See* TEX.CODE CRIM.PROC. ANN. art. 42.12.

conflict with one another, the specific provision should be read as controlling over the general provision or as creating an exception to the general provision. Although the State does not refer to it as such, the rule of statutory construction it relies upon is known as the doctrine or rule of *pari materia*. *See Burke v. State,* 28 S.W.3d 545, 546–47 (Tex.Crim.App. 2000). Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in *pari materia*. *Alejos v. State,* 555 S.W.2d 444, 450 (Tex.Crim.App.1977)(opinion on reh'g.). Statutes that are in *pari materia* are to be construed together. *Burke,* 28 S.W.3d at 546. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy. *Id.* Further, general and special acts can be in *pari materia*. *Id.* Where one statute deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute, unless it appears that the legislature intended to make the general act controlling. *Id.* at 546–47. *See also* Tex.Gov't Code Ann. § 311.026 (Vernon 1998). Before the rule of *pari materia* is applied, a threshold determination must be made whether the two statutes in question are indeed in *pari materia*. *Cheney v. State,* 755 S.W.2d 123, 127 (Tex.Crim.App. 1988).

### Analysis

■ Section 5(c) does not merely authorize the trial court to terminate community supervision early and dismiss the proceedings against the defendant, but rather provides specific parameters for the trial court's exercise of this discretionary power. Section 5(c) specifically provides those offenses for which early termination and discharge is not available, namely, any offense requiring the defendant to register as a sex offender.[6] Further, Section 5(c) specifies three instances in which a judge, jury, or state agency may consider the fact that the defendant previously has received community supervision with a deferred adjudication of guilt even though the defendant may have obtained a dismissal and discharge *"under [Section 5(c) ]."*

Like Section 5(c), Section 20 specifies those offenses for which early termination and discharge is unavailable: driving while intoxicated and related offenses, any offense requiring the defendant to register as a sex offender, and any offense punishable as a state jail felony. *See* Tex.Code Crim.Proc.Ann. art. 42.12, § 20(b). It also specifies those instances when a judge or state agency may consider the fact that the defendant has previously received community supervision pursuant to Article 42.12 even though the defendant may have been discharged and the indictment dismissed *"under [Section 20]."*

Significantly, there are no references in Section 5(c) to Section 20 and nothing to give any indication that the latter section also applies to deferred adjudication. We likewise find it noteworthy that both Section 5(c) and Section 20 refer to a dismissal and discharge "under this section," indicating that the Legislature viewed these as separate and distinct early termination procedures. This cuts against the State's argument that Section 20 is in-

**6.** Deferred adjudication is not available for driving while intoxicated and related offenses. Tex Code Crim.Proc.Ann. art. 42.12, § 5(d)(providing that deferred adjudication is unavailable for an offense under Sections 49.04, 49.05, 49.06, 49.07, or 49.08).

tended to apply broadly to all community supervision cases. The Legislature went to great pains to set out separately in Section 5(c) certain . exceptions even though similar exceptions are found in Section 20. If the Legislature had intended for Section 20's two-thirds/two-year limitation to apply to Section 5(c), it could have easily said so or at least have made reference to this limitation in Section 5(c). In 1995, the Legislature did just that when it provided that a person charged with certain sex offenses against children had to serve two-thirds of the period of community supervision before becoming eligible for early termination. The fact that the Legislature included this limitation on eligibility for early termination in Section 5(c) rather than Section 20 weighs strongly in favor of Juvrud's position that Section 5(c) stands on its own and Section 20 simply does not apply to deferred adjudication.

Other language in Section 20 indicates that it is restricted to regular and "shock" community supervision. In its second sentence, Section 20 provides that upon the expiration of the reduced term of community supervision, the judge shall amend or modify *the original sentence imposed*, if necessary, to conform to the community supervision period and shall discharge the defendant." [Emphasis added.] In the case of deferred adjudication, a sentence is not imposed.[7] Similarly, Section 20 provides that "proof of the conviction or plea of guilty shall be made known to the judge should the defendant *again* be convicted of any criminal offense." [Emphasis added.] If the Legislature had intended Section 20 to apply to deferred adjudication, it would not have used language referring to the defendant being "again" convicted since a person placed on deferred has not been convicted in the first instance.

The State, however, seizes upon other language in Section 20 to argue that the section must apply to deferred adjudication. Section 20 authorizes the judge to "set aside the verdict[8] *or permit the defendant to withdraw his plea*" and it provides that the defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." [Emphasis added.] Although the State argues that the highlighted portions necessarily refer to deferred adjudication, this argument fails to consider that the same language is found in the original version of the statute enacted in 1957, many years before deferred adjudication even existed in Texas. *See*

7. We are aware that, for purposes of the defendant's right to appeal the deferred adjudication order, the defendant's placement on deferred adjudication is "punishment assessed" within the meaning of TEX.CODE CRIM. PROC.ANN. art. 44.01(j)(providing that the defendant's "right to appeal under Article 44.02 may be prosecuted by the defendant where the punishment assessed is in accordance with [the deferred adjudication statute])." *See Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Dillehey v. State*, 815 S.W.2d 623, 626 (Tex.Crim.App.1991). It is well established, however, that a defendant placed on deferred adjudication has not had a sentence imposed. *See Donovan v. State*, 68 S.W.3d 633, 636 (Tex.Crim.App.2002)(holding that for purposes of Rule 21, a defendant placed on deferred adjudication has not had a sentence imposed or suspended, and therefore, is not entitled to file a motion for new trial until after adjudication of guilt). Likewise, we do not believe that the deferred adjudication order constitutes the imposition of a sentence as that phrase is used in Section 20.

8. The Code of Criminal Procedure defines "verdict" as the written declaration by a jury of its decision of the issue submitted to it. TEX.CODE CRIM.PROC.ANN. art. 37.01 (Vernon 1981).

**560**

Acts 1957, 55th Leg., R.S., ch. 226, 1957 TEX.GEN.LAWS 468. Under these circumstances, it cannot be said that the Legislature used this language to refer to deferred adjudication.[9]

 Based on the foregoing, we conclude that Section 20 applies only to regular and shock community supervision, and Section 5(c) governs early termination of deferred adjudication. *See also* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 40.133 (2d ed.2001). Therefore, Sections 5(c) and 20 are not in *pari materia.* Because Section 5(c) provides no minimum term which must be served before the defendant is eligible for early termination, the trial court had authority to terminate Juvrud's community supervision and to dismiss the proceedings against him. Accordingly, we overrule the State's sole point of error on appeal and affirm the trial court's order.

**9.** In *Cuellar v. State,* the dissent provides one explanation for the use of this language in Section 20. *Cuellar v. State,* 70 S.W.3d 815, 833–34 (Tex.Crim.App.2002)(Keasler J., dissenting opinion)(stating that "setting aside the verdict" refers to jury trial while "withdrawing the plea" pertains to bench trial).