**UNITED STATES of America**

v.

**Shane ALTIERI, Defendant**

**No. CR. 03–23–B–C.**

United States District Court, D. Maine.

July 31, 2003.

James M. Moore, U.S. Attorney's Office, Bangor, ME, for USA, Plaintiff.

Wayne R. Foote, Law Offices of Wayne R. Foote, Bangor, ME, for Shane Michael Altieri (1), Defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Senior District Judge.

Defendant Shane Altieri was indicted on March 11, 2003, for knowingly possessing a Beretta 9mm semi-automatic pistol in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Indictment (Docket Item No. 4). On May 20, 2003, Defendant waived his right to a jury trial. *See* Waiver of Trial by Jury (Docket Item No. 25). Because the only issue remaining for decision is purely legal, the parties have submitted this case to the Court on the basis of their written briefs. After careful consideration of the record before it, the Court finds that Defendant's deferred adjudication in the State of Texas is not a conviction and, therefore, Defendant is not guilty of being a felon in possession of a semi-automatic pistol in violation of 18 U.S.C. § 922(g)(1).

### I. Facts

The following facts are not in dispute. On May 7, 1996, Defendant was indicted by a grand jury in Webb County, Texas, for aggravated possession of a controlled substance. *See* Indictment, attached as Exhibit 3 to Stipulation (Docket Item No. 23). On June 26, 1996, Defendant entered a plea of guilty to the Indictment. *See* Plea Memorandum, attached as Exhibit 12 to Stipulation. On July 30, 1996, Defendant filed a Motion to Defer Adjudication. *See* Motion to Defer Adjudication, attached as Exhibit 13 to Stipulation. The Texas state court granted this motion by written order on August 22, 1996. *See* Order of the Court Deferring Further Proceedings, attached as Exhibit 15 to Stipulation. In its order, the court noted that the defendant had pled guilty, and that the court,

"having heard the evidence submitted and having heard arguments of both sides found the defendant guilty of the offense of AGGRAVATED POSSESSION OF CONTROLLED SUBSTANCE." *See id.* at 1 (emphasis in original). The court then stated,

> [however], on the 30th day of July A.D., 1996 the court being of the opinion that the best interest of society and the defendant will be served in this cause by deferring further proceedings without entering an adjudication of guilty, pursuant to Article 42.12 Section 3(d), Code of Criminal Procedure, as amended, it is therefore CONSIDERED, ORDERED AND ADJUDGED that further proceedings in this cause shall be and are hereby deferred and the Defendant is placed on probation in this cause for a period of EIGHT (8) years from this date . . . .

*Id.* at 1–2. Nothing further occurred until December 3, 1998, when Defendant filed a Motion for Discharge from Probation. *See* Motion for Discharge from Probation, attached as Exhibit 17 to Stipulation. On that day, the court granted Defendant's motion, ordering that "Defendant's probationary period be declared to have terminated and the Defendant discharged from community supervision."[1] *Id.*

On December 25, 2002, Defendant was stopped by a police officer for speeding in Brewer, Maine. Defendant was the driver of the vehicle and was accompanied by two other passengers. Stipulation at 1. During the stop, police officers discovered a Beretta 9mm semi-automatic pistol under the seat of Defendant's vehicle, loaded with twelve (12) rounds of ammunition and with

---

1. The Court notes that in his Motion for Discharge from Probation, Defendant's attorney at that time erroneously stated that Defendant was "adjudged guilty . . . following which a judgment of conviction was duly rendered." However, the record does not reflect that Defendant was ever adjudicated guilty; rather, it shows that Defendant was placed on deferred adjudication.

a laser sight mounted to it. *Id.* at 2. Defendant stated that the handgun belonged to him and that he had a concealed weapons permit from the State of Vermont.[2] *Id.* One of the officers learned from a dispatcher that Defendant had a felony conviction in Texas, whereupon the officer arrested Defendant for possession of a firearm by a prohibited person. *Id.* Defendant was indicted on this charge on March 11, 2003. *See* Indictment.

## II. Discussion

Title 18, United States Code, Section 922(g) reads, in relevant part,

It shall be unlawful for any person -

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . .

To establish guilt under 922(g)(1), the Government is required to prove three elements: (1) knowing possession of a firearm, (2) possession that is in or affecting commerce, and (3) the defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1). Defendant has stipulated to the fact that he knowingly possessed the identified firearm and that it was in or affecting interstate commerce. *See* Stipulation at 1. The only issue for decision is whether, in fact, Defendant had a prior conviction which was punishable by imprisonment for a term exceeding one year, thereby making him a prohibited person at the time he possessed the weapon in this case.

The Government includes citations to cases that it contends show that a deferred adjudication in Texas qualifies as a convic-

tion. The Government cites to *United States v. Joshua,* 305 F.3d 352, 353 (5th Cir.2002), *United States v. Valdez–Valdez,* 143 F.3d 196, 203 (5th Cir.1998), *United States v. Stauder,* 73 F.3d 56, 57 (5th Cir.1996) *Garnica–Vasquez v. Reno,* 210 F.3d 558, 560 (5th Cir.2000), and *Bui v. Ashcroft,* No. Civ.A 3:02–CV–1140, 2003 WL 251929, at *3 (N.D.Tex.2003) in support of its position. *See* Trial Brief of the United States (Docket Item No. 22) at 3, n. 5. All of these cases are inapplicable to the case at hand. The first three cases concern the federal sentencing guidelines, and whether a deferred adjudication may be considered a prior conviction for enhancement purposes under these guidelines. The last two concern federal immigration law, and whether a deferred adjudication may be considered a prior conviction under the Immigration and Nationality Act ("INA").

Whether something constitutes a conviction for purposes of the Sentencing Guidelines or the INA is a wholly different question than whether the same is a conviction under the federal gun laws. In fact, in *Bui,* cited by the government, the court specifically pointed out that "federal law governs the application of Congressional statutes in the absence of plain language to the contrary . . . and '[t]he immigration laws contain no . . . indication that they are to be interpreted in accordance with state law.'" *Bui,* 2003 WL 251929, at *1 (*citing Wilson v. INS,* 43 F.3d 211, 214–15 (5th Cir.1995) and *quoting Moosa v. INS,* 171 F.3d 994, 1006 (5th Cir.1999)). This is unlike the gun laws which provide, "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). The effect of this provision, as the Senate Committee Report expressly

---

**2.** Authorities subsequently learned that Defendant was not authorized under the law of the State of Vermont to own or possess a concealed weapon. *See* Stipulation at 2.

recognized, is that it allows a state to determine who will be subject to federal prosecution under the Act. *See* S.Rep. No. 98–583, at 7 (1984); *see also United States v. Bost,* 87 F.3d 1333, 1334 (D.C.Cir.1996). Because the alleged conviction at issue in this case occurred in Texas, Texas law will determine whether Defendant has a conviction that will now cause him to be guilty of violating 18 U.S.C. § 922(g)(1).

Under Texas law, a defendant found guilty of certain crimes may be entitled to a deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a). Deferred adjudication has been described as "a type of community supervision." *Davis v. State,* 968 S.W.2d 368, 369 (Tex.Crim. App.1998). Pursuant to the deferred adjudication provision, a judge, after receiving a guilty plea or plea of *nolo contendere* from a defendant and after finding evidence "that substantiates the defendant's guilt," may defer further proceedings and place the defendant on community supervision without entering an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a); *see also Davis,* 968 S.W.2d at 369. Once the defendant is placed on deferred adjudication, one of three scenarios typically follows. One possibility is that the defendant may violate the terms of his community supervision, in which case the court will proceed to adjudicate guilt and assess punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b). Or, in a second possible scenario, "[a] defendant reaps the main benefit of deferred adjudication if the period of community supervision is successfully completed without the judge's proceeding to adjudicate guilt. Then the proceedings are dismissed, the defendant is discharged, and the defendant 'may not be deemed [to have] a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.'" *Davis,* 968 S.W.2d at 370 (*quoting* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c)). The third scenario allows a defendant to reap that same benefit: if a judge decides that it is in the best interest of society and the defendant, he may dismiss the proceedings and discharge the defendant *prior* to the expiration of the term of community supervision. Again, such "a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c). That is, with some exceptions, a discharge after deferred adjudication has what an *en banc* panel of the Court of Criminal Appeals of Texas called a "record-cleansing effect."[3] *Davis,* 968 S.W.2d at 370.

At the time the judge granted Defendant's Motion to Defer Adjudication, the deferred adjudication provision in Section 5 of Article 42.12 was substantially similar to the way it reads today.[4] At that time,

---

**3.** The Court of Criminal Appeals of Texas is the highest court in the Texas for criminal cases.

**4.** The Court notes that in the Texas judge's order granting Defendant's Motion to Defer Adjudication, he stated that he was acting pursuant to Article 42.12 section 3(d) of the Texas Code of Criminal Procedure. *See* Order of the Court Deferring Further Proceedings. In 1996, section 3(d) related to *increasing* the maximum period of community supervision. *See* Article 42.12 section 3(d)(1996). The Court finds that this provision is inapplicable to the action taken by the Texas judge in this case. The Court's research indicates that it is likely that the judge meant section 3d since the original version of the deferred adjudication law was indeed at section 3d, but was moved to Article 42.12 at section 5 in 1993. *See State v. Juvrud,* 96 S.W.3d 550, 555 (Tex.App.2002). Section 3d and section 3(d) are two separate statutory provisions of Article 42.12 of the Texas Code of Criminal Procedure. The Court finds that the judge erroneously cited to the former deferred adjudication provision, given his specific statement that he was "deferring further

the relevant provision, entitled "Deferred Adjudication; Community Supervision," read:

(a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of *nolo contendere*, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

.    .    .    .    .

(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. The judge may dismiss the proceedings and discharge a defendant, other than a defendant charged with an offense described by Section 13B(b) of this article, prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served.... *A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense*, except that:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision with a deferred adjudication of guilt under this section in issuing, renewing, denying, or revoking a license under that chapter; and

(3) if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders, the Interagency Council on Sex Offender Treatment may consider the fact that the defendant has received community supervision under this section in issuing, renewing, denying, or revoking a license or registration issued by that council.

(d) In all other cases the judge may grant deferred adjudication unless the defendant is charged with an offense:

(1) under Section 49.04, 49.05, 49.06, 49.07, 49.08, Penal Code; or

(2) for which punishment may be increased under Section 481.134(c), (d), (e), or (f), Health and Safety Code, it if is shown that the defendant has been previously convicted of an offense for which punishment was increased under any one of those subsections.

TEX. CODE CRIM. PROC. ANN. art. 42.12(5) (1996) (emphasis added).

The statute now provides under section 5, still entitled "Deferred Adjudication; Community Supervision:"

(a) Except as provided by Subsection (d) of this section, when in the judge's

proceedings without entering an adjudication of guilty," the explicit titling of the Order as an order "Deferring Further Proceedings," and the fact that at the time he entered the order, there was no section 3d. In 1996, the wording of section 5 was virtually identical to the original deferred adjudication provision in section 3d, and to the wording of section 5 as it exists today.

opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of *nolo contendere,* hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

.    .    .    .    .

(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him. The judge may dismiss the proceedings and discharge a defendant, other than a defendant charged with an offense requiring the defendant to register as a sex offender under Chapter 62, as added by Chapter 668, Acts of the 75th Legislature, Regular Session, 1997, prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served .... Except as provided by Section 12.42(g), Penal Code, *a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.* For any defendant who receives a dismissal and discharge under this section:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defen-

dant previously has received community supervision with a deferred adjudication of guilt under this section in issuing, renewing, denying, or revoking a license under that chapter; and

(3) if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders, the Interagency Council on Sex Offender Treatment may consider the fact that the defendant has received community supervision under this section in issuing, renewing, denying, or revoking a license or registration issued by that council.

(d) In all other cases the judge may grant deferred adjudication unless:

(1) the defendant is charged with an offense:

(A) under Section 49.04, 49.05, 49.06, 49.07, 49.08, Penal Code; or

(B) for which punishment may be increased under Section 481.134(c), (d), (e), or (f), Health and Safety Code, if it is shown that the defendant has been previously convicted of an offense for which punishment was increased under any one of those subsections; or

(2) the defendant:

(A) is charged with an offense under Section 21.11, 22.011, or 22.021, Penal Code, regardless of the age of the victim, or a felony described by Section 13B(b) of this article; and

(B) has previously been placed on community supervision for any offense under paragraph (A) of this subdivision.

TEX. CODE CRIM. PROC. ANN. art. 42.12(5) (2003) (emphasis added).

The changes to this section affect only those defendants charged with certain sexual offenses, allowing deferred adjudications of such defendants to later be

deemed convictions in certain situations. *See Scott v. State*, 55 S.W.3d 593, 595–96 (Tex.Crim.App.2001) and *Nolan v. State*, 102 S.W.3d 231, 239–41 (Tex.App.2003) (discussing deferred adjudications in context of sexual offenses in light of changes to Texas law). Defendant is not charged with a sexual offense and, thus, these changes do not affect him. The pertinent language has remained the same: "a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." TEX. CODE CRIM. PROC. ANN. art. 42.12(5)(c); *see also Juvrud*, 96 S.W.3d at 555 ("[T]he general provision for early termination of deferred adjudication has remained essentially unchanged despite many other changes to the statute.").

In this case, there is no dispute that Defendant received a deferred adjudication. *See* Order of the Court Deferring Further Proceedings, attached as Exhibit 15 to Stipulation. The Court finds that Defendant received this Deferred Adjudication pursuant to Article 42.12 section 5. It is also clear that Defendant later moved to be discharged from his community supervision, a motion he explicitly made under section 5. *See* Motion for Discharge from Probation, attached as Exhibit 17 to Stipulation ("Defendant and probationer [ ] moves the court to terminate the period of probation, discharge the Defendant, set aside the Defendant's verdict or permit the Defendant to withdraw his plea, and dismiss the prosecution *pursuant to Section 5 of the Code of Criminal Procedure.*") (emphasis added). Defendant's motion was granted by the Texas judge in a brief endorsement, with the judge ordering that "Defendant's probationary period be declared to have terminated and the Defendant discharged from community supervision."[5] *See* Order Granting Motion for

**5.** The Court finds the Government's argument that the judge proceeded under Article 42.12 § 20 of the Texas Code of Criminal Procedure to be wholly unavailing. The Government argues that because the judge used the word "terminate" in his order granting Defendant's motion, the judge was acting under section 20, which is entitled "Reduction or Termination of Community Service." *See* Gov't Trial Brief at 4. That section reads, in relevant part,

(a) If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has pleaded guilty....

The Government argues that because this provision says only that a judge *may* set aside a verdict or permit the defendant to withdraw his plea in the event that he discharges the defendant under this section, Defendant's discharge did not result in an automatic setting aside of the verdict or withdrawal of the guilty plea, because the judge did not *express-*

*ly* state that he was taking that action. *See id.* at 5.

However, given that the judge originally acted under the deferred adjudication statute in placing Defendant upon deferred adjudication, and that section then specifically allows a judge to "dismiss the proceedings and discharge a defendant ... if in the judge's opinion the best interest of society and the defendant will be served," in combination with the fact that the judge granted Defendant's Motion for Discharge from Probation which Defendant explicitly made under section 5, the more logical conclusion is that the judge acted under section 5.

Moreover, in a 2002 opinion from the Court of Appeals of Texas, the court itself entitled its discussion of the deferred adjudication provision: "Early termination of deferred adjudication." *Juvrud*, 96 S.W.3d at 554. The court went on to conclude in no uncertain terms that "[s]ection 5(c) stands on its own and [s]ection 20 simply does not apply to deferred adjudication." *Id.* at 559. The judge in Defendant's case was clearly dealing with Defendant's deferred adjudication and, therefore, clearly was proceeding under section 5.

Discharge from Probation, attached as Exhibit 17 to Stipulation. Given the language of the Texas deferred adjudication statute and Defendant's request to be discharged from community supervision under section 5, and the court's granting of such motion, it seems clear that Defendant encountered the third of the above-described possible scenarios resulting from a deferred adjudication. Defendant can, therefore, "reap the benefit" of that statute's "record-cleansing effect," *Davis*, 968 S.W.2d at 370; that is, he may benefit from the statute's provision that a dismissal and discharge under section 5 "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c).

Defendant received a deferred adjudication under section 5, was subsequently discharged from community service by the judge before the term had expired, and his crime was not a sexual offense; therefore, his dismissal and discharge are not deemed a conviction according to the language of the applicable statute. Thus, because Defendant does not have a prior conviction under Texas state law, he cannot be guilty of illegal possession of a firearm under 18 U.S.C. § 922(g)(1).

### III. Conclusion

Accordingly, the Court finds Defendant **NOT GUILTY** of knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) as charged in the Indictment.