IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan County, Texas

Trial Court No. 2004-3921-CR1

 



Opinion



 








          Following a bench trial, the trial
court granted Rebekah Faith Stanley’s motion to dismiss the charge against her
on the grounds that the municipal ordinance on which the charge was based is
unconstitutional.  The State appealed under article 44.01 of the Code of
Criminal Procedure.  Stanley has filed a motion to dismiss the appeal
contending that the State has the right to appeal only the pretrial dismissal
of an indictment, information, or complaint.  We will grant the motion and
dismiss the appeal.

          Article 44.01(a)(1) provides for an appeal
by the State from an order which “dismisses an indictment, information, or
complaint.”  Tex. Code Crim. Proc. Ann.
art. 44.01(a)(1) (Vernon Supp. 2004–2005).  An order “dismisses” a charging
instrument “whenever the order effectively terminates the prosecution in favor
of the defendant.”  State v. Moreno, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991).  “[T]he trial court ‘effectively terminates’ the prosecution against
the accused whenever the effect of its order forces any alteration of the
indictment or information before the trial on the merits.”  Id. at 334 (emphasis added).  Thus, article 44.01 permits an appeal by the State
from the pretrial dismissal of a charging instrument, but not from the
dismissal of a charging instrument after a trial on the merits has commenced
(and jeopardy has attached).  See State v. Juvrud, 96 S.W.3d 550,
553 (Tex. App.—El Paso 2002, pet. granted).

          Here, the trial court granted Stanley’s dismissal motion at the conclusion of the trial on the merits.  Thus, the State
cannot appeal the dismissal order.  See Moreno, 807 S.W.2d at 334; Juvrud,
96 S.W.3d at 553.

          Accordingly, we dismiss the State’s
appeal.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Appeal dismissed

Opinion delivered and
filed July 27, 2005

Publish

[CR25]