The STATE of Texas, Appellant,

v.

Rebekah Faith STANLEY, Appellee.

No. 10–05–00101–CR.

Court of Appeals of Texas,
Waco.

July 27, 2005.

Discretionary Review Granted
Nov. 23, 2005.

John W. Segrest, McLennan County Dist. Atty., Christopher D. Taylor, Waco, for appellant.

Stephen M. Crampton, American Family Association, Tupelo, MS, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

PER CURIAM.

Following a bench trial, the trial court granted Rebekah Faith Stanley's motion to

dismiss the charge against her on the grounds that the municipal ordinance on which the charge was based is unconstitutional. The State appealed under article 44.01 of the Code of Criminal Procedure. Stanley has filed a motion to dismiss the appeal contending that the State has the right to appeal only the pretrial dismissal of an indictment, information, or complaint. We will grant the motion and dismiss the appeal.

Article 44.01(a)(1) provides for an appeal by the State from an order which "dismisses an indictment, information, or complaint." TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.2004–2005). An order "dismisses" a charging instrument "whenever the order effectively terminates the prosecution in favor of the defendant." *State v. Moreno,* 807 S.W.2d 327, 332 (Tex. Crim.App.1991). "[T]he trial court 'effectively terminates' the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information *before* the trial on the merits." *Id.* at 334 (emphasis added). Thus, article 44.01 permits an appeal by the State from the pretrial dismissal of a charging instrument, but not from the dismissal of a charging instrument after a trial on the merits has commenced (and jeopardy has attached). *See State v. Juvrud,* 96 S.W.3d 550, 553 (Tex.App.-El Paso 2002, pet. granted).

Here, the trial court granted Stanley's dismissal motion at the conclusion of the trial on the merits. Thus, the State cannot appeal the dismissal order. *See Moreno,* 807 S.W.2d at 334; *Juvrud,* 96 S.W.3d at 553.

Accordingly, we dismiss the State's appeal.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

The per-curiam Court grants Stanley's motion to dismiss for want of jurisdiction. The Court holds that Texas Code of Criminal Procedure Article 44.01 "permits an appeal by the State from the pretrial dismissal of a charging instrument, but not from the dismissal of a charging instrument after a trial on the merits has commenced (and jeopardy has attached)." *State v. Stanley,* No. 10–05–00101–CR, 171 S.W.3d 516, 517 (Tex.App.-Waco July 27, 2005, pet. filed) (per curiam). I dissent.

In the first place, the part of the statute that authorizes State's appeals of dismissals plainly, unlike the part that authorizes appeals of motions to suppress, is not limited to rulings made before jeopardy attaches. *Compare* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.2004–2005) *with id.* (5); *see* 43A GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.198 (2d ed.2001).

Moreover, the rationale of the line of cases on which the Court relies is that the Double Jeopardy Clause prohibits appeals by the State where the Clause would prohibit retrials if the State prevailed on appeal. *See* U.S. CONST. amend. V; *State v. Moreno,* 807 S.W.2d 327, 330–32 (Tex. Crim.App.1991). The statute does provide for appeals, however, wherever the Constitution permits. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01; *Moreno* at 330–32. But where the trial court grants the defendant's midtrial motion to dismiss on issues unrelated to the defendant's factual guilt or innocence, double jeopardy does not bar retrial. *United States v. Scott,* 437 U.S. 82, 99–100, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). "[B]arring appeal in such cases would permit trial judges to insulate dismissals from appellate review by delaying rulings until trials begin, a result most likely not intended by the legislature." 43A DIX & DAWSON § 43.198.

We should deny Stanley's motion to dismiss. Because the Court does not, I dissent.