THE COURT OF CRIMINAL APPEALS


OF TEXAS


 





PD-0006-03






THE STATE OF TEXAS



v.



WILLIAM OWEN JUVRUD, Appellee






ON PETITION FOR DISCRETIONARY REVIEW OF CASE 


08-02-00064-CR OF THE EIGHTH COURT OF APPEALS,


EL PASO COUNTY






 Womack, J., delivered the opinion for a unanimous Court.


 The question in this case is whether Section 20 of Article 42.12 of the Code of Criminal
Procedure mandates that a defendant on deferred-adjudication community supervision must
complete "one-third of the original community supervision period or two years of community
supervision, whichever is less," or whether Section 5(c) of Article 42.12 permits a trial court to
terminate a defendant's deferred-adjudication community supervision at any time.

 After William Owen Juvrud, the appellee, pleaded guilty to one count of misapplication
of fiduciary property, (1) the trial court, pursuant to a plea bargain between Juvrud and the State,
deferred adjudication of Juvrud's guilt and placed him on community supervision for ten years.
Approximately four months later, Juvrud filed a motion to dismiss and discharge his community
supervision. The trial court granted Juvrud's motion, discharged him from community
supervision, and dismissed the indictment against him.

 On appeal, the State argued that "the trial court lacked the authority to discharge Juvrud's
community supervision and dismiss the indictment before he had satisfactorily completed two
years of community supervision as required by Article 42.12, section 20." Juvrud responded that
the trial court discharged him pursuant to Section 5(c) of Article 42.12, which does not impose
any minimum length of time for community supervision. The Eighth Court of Appeals affirmed
the judgment of the trial court. By reference to the legislative history of the sections, the Court of
Appeals concluded that Section 20 applies only to regular (also known as "straight") community
supervision, while Section 5(c) governs the early termination of deferred adjudication. Because
Section 5 provides no minimum period that must be served before a defendant is eligible for
early termination, the Court of Appeals held that the trial court had authority to terminate
Juvrud's community supervision. State v. Juvrud, 96 S.W.3d 550 (Tex. App. -- El Paso 2002).
We granted review.

 We agree with the Court of Appeals that the trial court had authority to terminate
Juvrud's community supervision under Article 42.12, Section 5(c). 

 Article 42.12

 Article 42.12 defines community supervision as the "placement of a defendant by a court
under a continuum of programs and sanctions, with conditions imposed by the court for a
specified period during which (A) criminal proceedings are deferred without an adjudication of
guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement
and fine, is probated and the imposition of sentence is suspended in whole or in part." (2) The
article creates several specific forms of community supervision for various circumstances and
offenses -- such as regular (or "straight"), deferred-adjudication, shock, boot-camp, and state-jail-felony. (3) Each type of community supervision has its own limitations and requirements. As a
court of appeals has held, the special provisions for deferred adjudication in Section 5 prevail
over provisions for regular probation in Section 3, the general definition of "community
supervision" in Section 2(2) notwithstanding. See Rodriguez v. State, 939 S.W.2d 211, 220-21
(Tex. App. -- Austin 1997, no pet.) (Onion, J.).

 Here, Juvrud was placed on deferred-adjudication community supervision pursuant to
Article 42.12, Section 5(a). The rules and requirements of deferred-adjudication community
supervision are distinct and separate from those applying to other types of community
supervision. (4)

 Section 5

 Section 5 of Article 42.12 addresses deferred-adjudication community supervision. Not
only does it provide for the availability of deferred adjudication, but it also sets out the
requirements, restrictions, and procedures concerning deferred adjudication. Section 5 addresses
no other types of community supervision.

 Section 5(a) provides the procedures for placing a defendant on deferred adjudication. It
also limits the maximum time a defendant can be placed on deferred adjudication for a felony
and misdemeanor case. There is no minimum term of supervision except in the case of a
defendant charged with a felony under specific, enumerated sections of the Penal Code. A trial
court may, however, increase the maximum period of community supervision by following the
procedures set out in Sections 22(c) or 22A. Section 5(b) provides the procedures for violation of
a condition of deferred-adjudication supervision imposed under Section 5(a).

 Section 5(c), the section at issue in this case, provides the requirements regarding the
expiration of deferred-adjudication community supervision. Under this section, "[t]he judge may
dismiss the proceedings and discharge a defendant, other than a defendant charged with an
offense requiring the defendant to register as a sex offender  prior to the expiration of the term
of community supervision if in the judge's opinion the best interest of society and the defendant
will be served." Under this section, a dismissal and discharge "may not be deemed a conviction
for the purposes of disqualifications or disabilities imposed by law for conviction of an offense,"
although the fact that a defendant had received deferred adjudication may be considered by a
judge or jury (in the punishment stage of a subsequent criminal trial), by a state agency (if the
defendant is an applicant for a license or is a licensee under Human Resources Code, Chapter
42), or by the Interagency Council on Sex Offender Treatment (if the defendant is a person who
has applied for registration to provide mental-health services or medical services for the
rehabilitation of sex offenders).

 Section 5(d) provides the limitations on a trial court's granting of deferred adjudication,
and Section 5(e) deals with the confidentiality of deferred adjudication.

 When necessary, Section 5 refers to other sections of Article 42.12. For example, Section
5(a) provides, "A judge may increase the maximum period of community supervision in the
manner provided by Section 22(c) or 22A of this article." However, in regard to dismissing and
discharging a defendant prior to the expiration of the period of community service, there is no
reference to Section 20, or to any other section of Article 42.12.

 Section 20

 Section 20 provides the guidelines for the reduction or termination of community
supervision. Although its title, "Reduction or Termination of Community Supervision," refers
generally to "community supervision," the definition of which includes deferred adjudication, its
language indicates that Section 20 can apply only to the types of community supervision that
follow a conviction and sentence.

 Under Section 20(a), "[a]t any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision,
whichever is less, the period of community supervision may be reduced or terminated by the
judge." After community supervision is successfully completed, "the judge, by order duly
entered, shall amend or modify the original sentence imposed, if necessary, to conform to the
community supervision period and shall discharge the defendant. If the judge discharges the
defendant under this section, the judge may set aside the verdict or permit the defendant to
withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against
the defendant, who shall thereafter be released from all penalties and disabilities resulting from
the offense or crime of which he has been convicted or to which he has pleaded guilty, except
that  proof of the conviction or plea of guilty shall be made known to the judge should the
defendant again be convicted of any criminal offense ."

 Some of the language in Section 20(a) is the basis of an argument in the State's brief:

 Section 20 uses phrases describing both Regular Probation and Deferred
Adjudication, especially noted by the language, "resulting from the offense or
crime of which he has been convicted or to which he has pleaded guilty"
(emphasis added). "(O)f which he has been convicted" means a regular probation.
"(W)hich he has pleaded guilty" refers to a deferred adjudication, which requires a
plea and cannot include a conviction. (5) 


The fatal flaw in this argument is the historical fact that the language was enacted in Section 7 of
the Adult Probation and Parole Law of 1957, (6) twenty years before deferred adjudication made its
appearance in Texas. The distinction between "conviction" and "plea of guilty" cannot be as the
State argues. It is more likely to reflect a procedural distinction between a conviction after a plea
of not guilty, and a judgment of guilt after a plea of guilty, although we need not decide the
question today.

 From its language, Section 20 concerns defendants placed on community supervision
after they were convicted. Among the types of community supervision -- regular, shock, boot-camp, state-jail, deferred-adjudication -- all but deferred-adjudication require a conviction first.
For example, Section 15 provides for procedures relating to state-jail-felony community
supervision. It provides that "on conviction of a state jail felony punished under section 12.35(a),
Penal Code, the judge may suspend the imposition of sentence and place the defendant on
community supervision or may order the sentence to be executed." Thus, there is no mention of
conviction in Section 5, which deals with deferred adjudication. However, under Section 20, a
judge may amend or modify the sentence (not present under deferred adjudication) or set aside
the verdict (not present under deferred adjudication), and must be made aware that the defendant
had a prior conviction or guilty plea, should the defendant again be convicted (not present under
deferred adjudication because the initial grant of community supervision is not deemed a
conviction).

 Section 20 also grants the judge authority to set aside the verdict: "If the judge discharges
the defendant under this section, the judge may set aside the verdict or permit the defendant to
withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against
the defendant ." Under Section 5, the judge has no such discretion; the judge must dismiss the
proceedings against a defendant when the judge discharges the defendant from deferred
adjudication. More important is the reference to "under this section." Section 5(c) and Section 20
each refer to a dismissal and discharge "under this section." This provides support for the
conclusion that these are separate and distinct early-termination procedures and the legislature, in
creating these two distinct termination sections, made them such. If the legislature had intended
for Section 20's procedures for early termination to apply to Section 5(c) and deferred
adjudication, it could have done so -- either by eliminating the "under this section" restricting
language or by referencing one section in the other.

 While the title of Section 20 may be misleading, a close reading of the article
demonstrates that Section 20 and its procedures for terminating community supervision do not
apply to a defendant placed on deferred-adjudication community supervision. Rather, Section
5(c) controls deferred-adjudication community supervision and requires no minimum period of
supervision that must be served before early dismissal.

 Conclusion

 We affirm the judgment of the Court of Appeals.


Delivered March 22, 2006.

Publish.
1. See Penal Code § 32.45
2. Code Crim. Proc. art. 42.12, § 2(2).
3. See generally id., §§ 3, 4, 5, 8, 12, 13, 14, 15. 
4. Compare id., § 5 with id., §§ 3, 15.
5. Brief at 9.
6. 55th Leg., R.S., ch. 226, 1957 Tex. Gen. Laws 466, 468 ("resulting from the offense or crime of which he
has been convicted or to which he has pleaded guilty").