**The STATE of Texas**

**v.**

**William Owen JUVRUD, Appellee.**

**No. PD–0006–03.**

Court of Criminal Appeals of Texas.

March 22, 2006.

William Owen Juvrud, pro se.

Brian Johnson, El Paso, Matthew Paul, State's Attorney, Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

The question in this case is whether Section 20 of Article 42.12 of the Code of Criminal Procedure mandates that a defendant on deferred-adjudication community supervision must complete "one-third of the original community supervision period or two years of community supervision, whichever is less," or whether Section 5(c) of Article 42.12 permits a trial court to terminate a defendant's deferred-adjudication community supervision at any time.

After William Owen Juvrud, the appellee, pleaded guilty to one count of misapplication of fiduciary property,[1] the trial court, pursuant to a plea bargain between Juvrud and the State, deferred adjudication of Juvrud's guilt and placed him on community supervision for ten years. Approximately four months later, Juvrud filed a motion to dismiss and discharge his community supervision. The trial court granted Juvrud's motion, discharged him from community supervision, and dismissed the indictment against him.

On appeal, the State argued that "the trial court lacked the authority to discharge Juvrud's community supervision and dismiss the indictment before he had satisfactorily completed two years of community supervision as required by Article 42.12, section 20." Juvrud responded that the trial court discharged him pursuant to Section 5(c) of Article 42.12, which does not impose any minimum length of time for community supervision. The Eighth Court of Appeals affirmed the judgment of the trial court. By reference to the legislative history of the sections, the Court of

Appeals concluded that Section 20 applies only to regular (also known as "straight") community supervision, while Section 5(c) governs the early termination of deferred adjudication. Because Section 5 provides no minimum period that must be served before a defendant is eligible for early termination, the Court of Appeals held that the trial court had authority to terminate Juvrud's community supervision. *State v. Juvrud,* 96 S.W.3d 550 (Tex.App.-El Paso 2002). We granted review.

We agree with the Court of Appeals that the trial court had authority to terminate Juvrud's community supervision under Article 42.12, Section 5(c).

**Article 42.12**

Article 42.12 defines community supervision as the "placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part."[2] The article creates several specific forms of community supervision for various circumstances and offenses—such as regular (or "straight"), deferred-adjudication, shock, boot-camp, and state-jail-felony.[3] Each type of community supervision has its own limitations and requirements. As a court of appeals has held, the special provisions for deferred adjudication in Section 5 prevail over provisions for regular probation in Section 3, the general definition of "community supervision" in Section 2(2) notwithstanding. *See Rodriguez v.*

---

1.  *See* Penal Code § 32.45

2.  Code Crim. Proc. art. 42.12, § 2(2).

3.  *See generally id.,* §§ 3, 4, 5, 8, 12, 13, 14, 15.

*State*, 939 S.W.2d 211, 220–21 (Tex.App.-Austin 1997, no pet.) (Onion, J.).

Here, Juvrud was placed on deferred-adjudication community supervision pursuant to Article 42.12, Section 5(a). The rules and requirements of deferred-adjudication community supervision are distinct and separate from those applying to other types of community supervision.[4]

**Section 5**

Section 5 of Article 42.12 addresses deferred-adjudication community supervision. Not only does it provide for the availability of deferred adjudication, but it also sets out the requirements, restrictions, and procedures concerning deferred adjudication. Section 5 addresses no other types of community supervision.

Section 5(a) provides the procedures for placing a defendant on deferred adjudication. It also limits the maximum time a defendant can be placed on deferred adjudication for a felony and misdemeanor case. There is no minimum term of supervision except in the case of a defendant charged with a felony under specific, enumerated sections of the Penal Code. A trial court may, however, increase the maximum period of community supervision by *following the procedures set out in Sections 22(c) or 22A.* Section 5(b) provides the procedures for violation of a condition of deferred-adjudication supervision imposed under Section 5(a).

Section 5(c), the section at issue in this case, provides the requirements regarding the expiration of deferred-adjudication community supervision. Under this section, "[t]he judge may dismiss the proceedings and discharge a defendant, other than a defendant charged with an offense requiring the defendant to register as a sex offender . . . prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served." Under this section, a dismissal and discharge "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense," although the fact that a defendant had received deferred adjudication may be considered by a judge or jury (in the punishment stage of a subsequent criminal trial), by a state agency (if the defendant is an applicant for a license or is a licensee under Human Resources Code, Chapter 42), or by the Interagency Council on Sex Offender Treatment (if the defendant is a person who has applied for registration to provide mental-health services or medical services for the rehabilitation of sex offenders).

Section 5(d) provides the limitations on a trial court's granting of deferred adjudication, and Section 5(e) deals with the confidentiality of deferred adjudication.

When necessary, Section 5 refers to other sections of Article 42.12. For example, Section 5(a) provides, "A judge may increase the maximum period of community supervision in the manner provided by Section 22(c) or 22A of this article." However, in regard to dismissing and discharging a defendant prior to the expiration of the period of community service, there is no reference to Section 20, or to any other section of Article 42.12.

**Section 20**

Section 20 provides the guidelines for the reduction or termination of community supervision. Although its title, "Reduction or Termination of Community Supervision," refers generally to "community supervision," the definition of which includes deferred adjudication, its language indicates that Section 20 can apply only to the

---

4.  *Compare id.,* § 5 *with id.,* §§ 3, 15.

types of community supervision that follow a conviction and sentence.

Under Section 20(a), "[a]t any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge." After community supervision is successfully completed, "the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that . . . proof of the conviction or plea of guilty shall be made known to the judge should the defendant again be convicted of any criminal offense . . . ."

Some of the language in Section 20(a) is the basis of an argument in the State's brief:

Section 20 uses phrases describing both Regular Probation and Deferred Adjudication, especially noted by the language, "resulting from the offense or crime *of which he has been convicted* or to *which he has pleaded guilty*" (emphasis added). "(O)f which he has been convicted" means a regular probation. "(W)hich he has pleaded guilty" refers to a deferred adjudication, which requires a plea and cannot include a conviction.[5]

The fatal flaw in this argument is the historical fact that the language was enacted in Section 7 of the Adult Probation and Parole Law of 1957,[6] twenty years before deferred adjudication made its appearance in Texas. The distinction between "conviction" and "plea of guilty" cannot be as the State argues. It is more likely to reflect a procedural distinction between a conviction after a plea of not guilty, and a judgment of guilt after a plea of guilty, although we need not decide the question today.

From its language, Section 20 concerns defendants placed on community supervision after they were convicted. Among the types of community supervision—regular, shock, boot-camp, state-jail, deferred-adjudication—all but deferred-adjudication require a conviction first. For example, Section 15 provides for procedures relating to state-jail-felony community supervision. It provides that "on conviction of a state jail felony punished under section 12.35(a), Penal Code, the judge may suspend the imposition of sentence and place the defendant on community supervision or may order the sentence to be executed." Thus, there is no mention of conviction in Section 5, which deals with deferred adjudication. However, under Section 20, a judge may amend or modify the sentence (not present under deferred adjudication) or set aside the verdict (not present under deferred adjudication), and must be made aware that the defendant had a prior conviction or guilty plea, should the defendant again be convicted (not present under deferred adjudication because the initial grant of community supervision is not deemed a conviction).

---

5. Brief at 9.

6. 55th Leg., R.S., ch. 226, 1957 Tex. Gen. Laws 466, 468 ("resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty").

Section 20 also grants the judge authority to set aside the verdict: "If the judge discharges the defendant *under this section*, the judge *may* set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant . . . ." Under Section 5, the judge has no such discretion; the judge must dismiss the proceedings against a defendant when the judge discharges the defendant from deferred adjudication. More important is the reference to "under this section." Section 5(c) and Section 20 each refer to a dismissal and discharge "under this section." This provides support for the conclusion that these are separate and distinct early-termination procedures and the legislature, in creating these two distinct termination sections, made them such. If the legislature had intended for Section 20's procedures for early termination to apply to Section 5(c) and deferred adjudication, it could have done so—either by eliminating the "under this section" restricting language or by referencing one section in the other.

While the title of Section 20 may be misleading, a close reading of the article demonstrates that Section 20 and its procedures for terminating community supervision do not apply to a defendant placed on deferred-adjudication community supervision. Rather, Section 5(c) controls deferred-adjudication community supervision and requires no minimum period of supervision that must be served before early dismissal.

**Conclusion**

We affirm the judgment of the Court of Appeals.