TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00632-CR






Thomas Lee Spruill a/k/a/ Mauldin Austin, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. D-1-DC-06-301620, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING




O P I N I O N




 Appellant, Thomas Lee Spruill, was indicted for possession of cocaine and, after
entering into a plea agreement with the State, was sentenced to two years in state jail, probated for
three years. See Tex. Health & Safety Code Ann. § 481.115(b) (West 2010); Tex. Code Crim. Proc.
Ann. art. 42.12, §§ 3(a), 15 (West Supp. 2011). Before the expiration of appellant's probationary
period, the State filed a "motion to proceed with adjudication of guilt," asserting that appellant had
violated terms of his community supervision, which the motion called "deferred adjudication." The
trial court held a probation-revocation hearing on the motion and, after determining that appellant
had violated several conditions of his community supervision, revoked appellant's probation and
sentenced him to two years in state jail.

 In his first appellate issue, appellant asserts that the trial court lacked jurisdiction to
revoke his community supervision because the State improperly filed a motion to proceed with
adjudication of guilt rather than a proper motion to revoke probation. Appellant asserts that the
improper motion did not give the court revocation jurisdiction, and therefore the judgment revoking
his community supervision is void. In his second appellate issue, appellant asserts that he was
denied the effective assistance of counsel when his trial counsel failed to object to the State's
improper motion. We will overrule both issues and affirm the trial court's judgment.


BACKGROUND



 After entering into a plea bargain with the State, appellant was sentenced by the trial
court to two years in state jail, probated for three years of community supervision. Because appellant
was indicted for possession of cocaine, less than one gram--a state jail felony--he was placed on
"state jail felony community supervision" pursuant to article 42.12, section 15 of the Texas Code of
Criminal Procedure.

 On December 21, 2010, less than one month before the expiration of appellant's
probationary period, the State filed a motion entitled "Motion to Proceed with an Adjudication of
Guilt," alleging several violations of the terms of appellant's community supervision. The motion
incorrectly referred to appellant's community supervision as "Deferred Adjudication." However,
appellant had not been placed on deferred adjudication. Rather, he had been placed on state jail
felony community supervision, which is akin to "regular probation": the court had adjudged
appellant guilty, and appellant's state jail sentence had been suspended pending his fulfillment of
a period of community supervision. See generally Tex. Code Crim. Proc. Ann. art. 42.12, § 15.

 Pursuant to the State's motion and the trial court's resulting warrant, appellant was
arrested on January 6, 2011, 10 days before the expiration of his probationary period. The trial court
held a probation-revocation hearing on August 15, 2011. (1) Defense counsel did not object to the 
motion, and throughout the hearing, defense counsel, the State, the court, and appellant interchanged
the terms "deferred adjudication," "probation," "motion to revoke," and "motion to proceed with
adjudication of guilt." After hearing evidence concerning several alleged offenses committed by
appellant during his probationary period, the trial court found the allegations in the motion to be true
and revoked appellant's community supervision. The court then sentenced appellant to two years
in state jail.


DISCUSSION



 A court's jurisdiction to revoke probation exists by virtue of the original indictment
on which the trial court assessed the terms of community supervision. See LaBelle v. State,
692 S.W.2d 102, 105 (Tex. Crim. App. 1985). Additionally, revocation jurisdiction requires the
filing of a motion to revoke and the issuance of a capias during the probationary period. Rodriguez
v. State, 804 S.W.2d 516, 517 (Tex. Crim. App. 1991). Although jurisdictional deficiencies are not
waivable and may be raised at any time, see Gallagher v. State, 690 S.W.2d 587, 588 (Tex. Crim.
App. 1985), the substantive issues regarding the sufficiency of a motion to revoke cannot usually be
challenged for the first time on appeal. See Martinez v. State, 493 S.W.2d 954, 955 (Tex. Crim.
App. 1973). Substantively, a proper motion to revoke must give the defendant fair notice of the
allegations against him so that he can prepare a defense. Figgins v. State, 528 S.W.2d 261, 263 (Tex.
Crim. App. 1973). Here, the question--one of first impression in Texas--is whether a motion styled
"motion to proceed with adjudication of guilt" and referring to "deferred adjudication" can properly
support a court's probation-revocation jurisdiction when the motion substantively functions as a
motion to revoke.

 Article 42.12 of the Texas Code of Criminal Procedure prescribes several different
types of probation, referred to collectively as community supervision. See generally Tex. Code
Crim. Proc. Ann. art. 42.12, §§ 3 ("regular" or "straight" community supervision), 5 (deferred
adjudication community supervision), 6 (shock community supervision), 8 (state boot camp
community supervision), 15 (state jail felony community supervision). "Community supervision"
is defined as:


the placement of the defendant by a court on a continuum of programs and sanctions,
with conditions imposed by the court for a specified period during which
(A) criminal proceedings are deferred without an adjudication of guilt; or (B) a
sentence of imprisonment or confinement, imprisonment and fine, or confinement
and fine, is probated and the imposition of sentence is suspended in whole or in part.



Id. art. 42.12, § 2(2).

 Here, appellant was placed on state jail felony community supervision pursuant to
article 42.12, section 15, but it was revoked pursuant to a motion that referenced "deferred
adjudication." Although the different types of community supervision have their own limitations
and requirements, see State v. Juvrud, 187 S.W.3d 492, 493 (Tex. Crim. App. 2006), a violation
of the terms of either deferred adjudication or state jail felony community supervision may
result in the defendant's detention and a section 21 hearing. See Tex. Code Crim. Proc. Ann. art.
42.12, §§ 5(b) (stating that violation of deferred adjudication will result in detention and hearing
under section 21), 15(e), (f)(1) (stating that violation of state-jail-felony community supervision will
result in detention and hearing under section 21), 21 (describing substantive and jurisdictional
requirements of section 21 hearing).

 Section 21 of article 42.12 provides the State and the court with procedures to detain
the defendant after he has violated the terms of his community supervision. After the defendant has
been detained, he is entitled to a hearing in which the court will determine whether he has violated
the terms of his community supervision. See id. art. 42.12, § 21(b). The jurisdictional requirements
for a section 21 hearing are provided in section 21(e):


A court retains jurisdiction to hold a hearing under Subsection (b) and revoke,
continue, or modify community supervision, regardless of whether the period of
community supervision imposed on the defendant has expired, if before the
expiration the attorney representing the state files a motion to revoke, continue, or
modify community supervision and a capias is issued for the arrest of the defendant.



Id. art. 42.12, § 21(e) (emphasis added).

 Appellant asserts that a court's revocation jurisdiction requires a motion styled
"motion to revoke probation" when the defendant has been placed on state jail felony community
supervision. This technical argument--that the formal title of a motion determines revocation
jurisdiction--is inconsistent with the jurisdictional provision of section 21, which focuses on the
function of the motion rather than its title or form. See id. A motion to proceed with adjudication
of guilt is, functionally, a motion to revoke community supervision. In filing a motion to proceed
with adjudication of guilt, the State is asking the court to revoke the defendant's deferred
adjudication community supervision and adjudge the defendant guilty. Therefore, we hold that under
the requirements of section 21(e), a motion to proceed with adjudication of guilt is a "motion to
revoke, continue, or modify community supervision" within the meaning of section 21(e) and is
sufficient to give the court revocation jurisdiction.

 Reading section 21(e) to grant a court revocation jurisdiction despite the filing of an
improperly titled motion squares this provision with a substantial body of Texas case law that
emphasizes a motion's function over its form. See State v. Savage, 933 S.W.2d 497, 499 (Tex. Crim.
App. 1996) (holding that reviewing court can look past label assigned to motion to determine
whether it is "functional equivalent" for another type of motion); State v. Evans, 843 S.W.2d 576,
577 (Tex. Crim. App. 1992) (holding that functional effect of motion rather than its title controls). 
For example, a motion to revoke probation need not strictly comply with all the requirements of an
indictment, so long as it provides fair notice to the defendant. See LaBelle, 720 S.W.2d at 108;
Mitchell v. State, 608 S.W2d 226, 228 (Tex. Crim. App. 1980); Mason v. State, 495 S.W.2d 248, 250
(Tex. Crim. App. 1973). "So long as the motion provides adequate notice of the charges alleged,
fundamental notions of fairness are satisfied, despite flaws in the motion." Rodriguez v. State, 951
S.W.2d 199, 204 (Tex. App.--Corpus Christi 1997, no pet.) (citing LaBelle, 720 S.W.2d at 108-09)
(emphasis added).

 Here, the State's motion to proceed with adjudication of guilt gave appellant fair
notice of the alleged violations of the terms of his community supervision. Appellant does not claim
to have been misled, surprised, or prejudiced by anything in the improperly titled motion. Appellant
complains only that the motion carried the wrong title and listed an incorrect form of community
supervision, not that he was unaware that the State intended to revoke his community supervision. 
Appellant stated during the hearing that he understood the terms of his community supervision and
the allegations being brought against him. The motion provides specific dates and locations for the
alleged violations, and the record shows that appellant used information in the motion to prepare his
defense, which was presented at the hearing. Therefore, because the motion gave appellant adequate
notice of the alleged violations and the State's intent to have appellant's community supervision
revoked, it fulfilled the functions of a motion to revoke probation and was sufficient to give the court
revocation jurisdiction. Appellant's first issue is overruled.

 Appellant next contends that he was denied effective assistance of counsel when
defense counsel failed to object to the form of the improperly titled motion, failed to file a motion
to quash, and failed to object at the revocation hearing. Appellant asserts that had defense counsel
objected to the motion after the probationary period expired, the trial court would have been forced
to dismiss the motion, and his community supervision would not have been revoked.

 Our overruling of appellant's first issue renders his claim of ineffective assistance
moot. Because the State's motion to proceed with adjudication of guilt gave the court revocation
jurisdiction, any objection by defense counsel to the form of the motion would not have been
effective to point out an error or preserve any complaint in connection with the court's ruling on the
motion. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (ineffective counsel claim must
show that trial counsel's deficient assistance prejudiced defendant to such extent that there is
reasonable probability that result of proceeding would have been different but for that deficient
assistance); Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986) (holding that Strickland
standard applies in ineffective assistance of counsel claims brought under article I, section 10 of the
Texas Constitution). Appellant's second issue is overruled.


CONCLUSION


 Having overruled both of appellant's issues, we affirm the trial court's revocation
of appellant's community supervision.


 __________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Henson and Rose

Affirmed

Filed: August 23, 2012

Publish
1. Although appellant's probationary period expired before the revocation hearing, a court
can revoke a defendant's community supervision after the probationary period has expired if a
motion to revoke is filed and a capias issued during the probationary period. See Coleman v. State,
632 S.W.2d 616, 618 (Tex. Crim. App. 1982); Lynch v. State, 502 S.W.2d 740, 741 (Tex. Crim.
App. 1973).