ACCEPTED
13-15-00368-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/9/2015 11:17:00 AM
Dorian E. Ramirez
CLERK

**Cause No. 13-15-00368-CR**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI-EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/9/2015 11:17:00 AM
DORIAN E. RAMIREZ
Clerk

-------------------------------------------------------------------------------------------------

**THE STATE OF TEXAS, APPELLANT**
**v.**
**RAMON ESCALANTE JIMENEZ, APPELLEE**

-------------------------------------------------------------------------------------------------

APPEAL OF JUDGMENT IN CAUSE NO. CR-1276-01-I
FROM THE 398TH JUDICIAL DISTRICT COURT
OF HIDALGO COUNTY, TEXAS
THE HONORABLE JUDGE AIDA SALINAS FLORES, PRESIDING

-------------------------------------------------------------------------------------------------

**BRIEF OF THE STATE OF TEXAS/APPELLANT**

-------------------------------------------------------------------------------------------------

RICARDO RODRIGUEZ, JR.
Criminal District Attorney
Hidalgo County, Texas

LUIS A. GONZALEZ, ASSISTANT
Criminal District Attorney
Hidalgo County, Texas

HIDALGO COUNTY COURTHOUSE
Edinburg, TX 78539
Telephone #:  (956) 318-2300, ext. 8133
Facsimile #:  (956) 380-0407
luis.gonzalez@da.co.hidalgo.tx.us
State Bar No. 24083088

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT WAIVED

1

## IDENTIFICATION OF PARTIES AND COUNSEL

APPELLANT certifies that the following is a complete list of the parties, attorneys, and all other interested persons regarding this matter:

APPELLANT in this case is the STATE OF TEXAS.

APPELLANT was represented in the trial court and now this appeal by RICARDO RODRIGUEZ JR., Criminal District Attorney in and for Hidalgo County, Texas, 100 N. Closner, 3rd floor, Edinburg TX 78539, by his Assistant Criminal District Attorney LUIS A. GONZALEZ.

APPELLEE is Ramon Escalante Jimenez, represented in the trial court and now this appeal by and through his attorney, Juan Alvarez, 112 S. 12th Ave, Edinburg, TX 78539.

# NOTES AS TO THE FORM OF CITATION

A.) Citation to the Clerk's Record will be to page number, *e.g.* CR 47 refers to Page 47 of the Clerk's Record.

B.) Citation to testimony in the Reporter's Record will be to volume and page numbers, *e.g.* '3 RR 56' refers to page 56 of volume 3 of the Reporter's Record.

**NOTE AS TO ORAL ARGUMENT**

The State of Texas respectfully submits that oral argument in the instant case would not serve to enlighten the Court further or illuminate the issues in that, because the facts and legal arguments are adequately presented in the briefs and record, the decisional process of the Court would not be significantly aided by oral argument. The State of Texas, therefore, respectfully submits that oral argument in this case is not necessary, and therefore waives oral argument.

Nonetheless, the State of Texas reserves the right to present oral argument should the Court grant oral argument.

# TABLE OF CONTENTS

Title Page ...................................................................................................................i

Identification of Parties and Counsel.................................................................... ii

Note as to the Form of Citation........................................................................... iii

Note as to Oral Argument ....................................................................................iv

Table of Contents .................................................................................................v

Index of Authorities .............................................................................................vi

Statement of the Case......................................................................................... vii

Issues Presented ................................................................................................ viii

Statement of Facts................................................................................................ix

Summary of Argument ..........................................................................................xi

Argument and Authorities.....................................................................................1

        Issue One: *Because it lacked jurisdiction, the trial co9urt's order granting Appellee's motion for judicial clemency was void* ......................................................................1

Conclusion ...........................................................................................................7

Prayer ...................................................................................................................7

Certificate of Compliance .....................................................................................8

Certificate of Service ............................................................................................8

# INDEX OF AUTHORITIES

## Texas Court of Criminal Appeals Cases

*Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002) ............................2, 3

*Ex parte Armstrong*, 8 S.W.2d 674, 675-76 (Tex. Crim. App. 1928) ......................1

*Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) ............................1, 2

*Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ................................2

*Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) ........................................1

*State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991) .............................1

*State v. Juvrud*, 187 S.W.3d 492, 494 (Tex. Crim. App. 2006) ........................ 3 fn 4

*State v. Patrick*, 86 S.W.3d 592 (Tex. Crim. App. 2002).........................................5

*Yazdchi v. State*, 428 S.W.3d 831, 839 (Tex. Crim. App. 2014)........................ 3 fn 4

## Texas Courts of Appeals Cases

*State v. Fielder*, 376 S.W.3d 784 (Tex. App.—Waco 2011, no pet.)....................4, 6

*State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, no pet.) ..........4, 5, 6

## Statutes and Constitutional Provisions

TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon 2015) .......................2, 3

vi

## STATEMENT OF THE CASE

Appellee was charged by indictment in cause number CR-1276-01-I for one count of possession of cocaine in the amount of less than one gram. (CR 9).

On January 29, 2002, Appellee pled guilty to Count One. (CR 10-12).

On January 28, 2006, Appellee was discharged from community supervision by operation of law.[1]

On July 28, 2015, the trial court granted Appellee's motion for judicial clemency. (CR 29).

On August 6, 2015, the State of Texas timely filed its Notice of Appeal and is now before this Court by way of a single point of error. (CR 30-33).

---

[1] Explained more fully below in the Statement of Facts.

[2] On October 22, 2003, the State filed a motion to revoke community supervision. (CR 13). On March 3, 2006, the trial court signed an order dismissing the State's motion to revoke community supervision based on the State's own motion. (CR 18). There is no formal order from the trial court discharging Appellee from community supervision, thus, he was discharged from community supervision by operation of law.

[3] 70 S.W.3d 815, 818 (Tex. Crim. App. 2002).
[4]The CCA has held that "while the title of Section 20 may be misleading, a close reading of the

# ISSUE PRESENTED

<u>Issue One:</u>

*Because it lacked jurisdiction, the trial court's order granting Appellee's motion for judicial clemency is void.*

# STATEMENT OF FACTS

Appellee was charged by indictment in cause number CR-1276-01-I for one count of possession of cocaine in the amount of less than one gram. (CR 9).

On January 29, 2002, Appellee pled guilty to Count One. (CR 10-12). The trial court imposed upon Appellee a sentence of confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of two (2) years with a fine of $550. (CR 10). However, the trial court suspended the sentence and placed Appellee on community supervision for a term of four (4) years with a fine of $550. (CR 10). On January 28, 2006, Appellee was discharged from community supervision by operation of law.[2]

On May 29, 2015, Appellee filed a motion for judicial clemency, requesting that the indictment in his case be dismissed and his conviction set aside based on *Cuellar v. State* [3]. (CR 19-21). On June 4, 2015, the State of Texas filed its response to Appellee's motion for judicial clemency, requesting the trial court to deny relief based on the argument that the trial court lacked jurisdiction. (CR 22-24).

---

[2] On October 22, 2003, the State filed a motion to revoke community supervision. (CR 13). On March 3, 2006, the trial court signed an order dismissing the State's motion to revoke community supervision based on the State's own motion. (CR 18). There is no formal order from the trial court discharging Appellee from community supervision, thus, he was discharged from community supervision by operation of law.

[3] 70 S.W.3d 815, 818 (Tex. Crim. App. 2002).

A short hearing was held by the trial court on Appellee's motion for judicial clemency on July 9, 2015. The prosecutor simply re-urged the argument that the trial court lacked jurisdiction to grant Appellee judicial clemency. (1 RR 5). In addition to informing the trial court of Appellee's immigration proceedings, Appellee's attorney, Juan Alvarez, countered the prosecutor's argument based on *Cuellar*. The trial court did not rule on the motion, but took the matter under advisement. (1 RR 10).

After the hearing on the motion for judicial clemency, the trial court granted said motion on July 28, 2015. (CR 29). On August 6, 2015, the State of Texas timely filed its Notice of Appeal and is now before this Court by way of a single point of error. (CR 30-33).

## SUMMARY OF ARGUMENT

Because the trial court did not have jurisdiction to make any rulings effecting Appellee's case, nor did any case or statute revive jurisdiction, the granting of Appellee's motion for judicial clemency is a void order.

**ARGUMENT AND AUTHORITIES**

**Issue One:**

*Because it lacked jurisdiction, the trial court's order granting Appellee's motion for judicial clemency is void.*

**Argument:**

**A. Rules and Principles**

A trial court "may take a particular action only if that action is authorized by constitutional provision, statute, or common law, or if the power to take the action arises from some inherent or implied power." *See State v. Johnson*, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). The Texas Court of Criminal Appeals ('CCA') has held that a lack of personal or subject-matter jurisdiction deprives a court of any authority to render a judgment. *See Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) (quoting *Ex parte Armstrong*, 8 S.W.2d 674, 675-76 (Tex. Crim. App. 1928) (stating that "[u]nless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity.")). When a court acts without jurisdiction, such as by entering a judgment without the necessary authority to do so, the purported action taken by the court is void. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (identifying a lack of personal or subject-matter jurisdiction as reasons a judgment would be void). Thus, for

1

example, when a defendant is convicted at trial, but his trial counsel was ineffective, the court had jurisdiction to hold the trial and sentence the defendant, although defendant might later obtain relief in the form of a new trial for a constitutional violation. In contrast, if a defendant confesses and is convicted at trial because he is guilty of the crime committed, but the court lacked subject-matter or personal jurisdiction over the defendant, the judgment of conviction is void. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (citing Garcia, 596 S.W.2d at 527).

> Section 20(a) of article 42.12 of the Code of Criminal Procedure reads:
>
> If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that [exceptions not made applicable by the present record].

TEX. CODE. CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon 2015). The CCA has said that section 20(a) contains "two entirely different types of 'discharge' from felony community supervision." *Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). According to the "usual method of discharge," involving the majority of felony community supervision sentences, a person who successfully completes community supervision "has paid his debt to society and, in effect, 'graduates' from

2

community supervision."  *Id*.  Accordingly, the "trial judge shall discharge the defendant from community supervision."  *Id*.

The CCA has also stated that § 20(a) also provides a "second, less common type of discharge."  It is not a right but a matter of "judicial clemency" within the sole discretion of the trial court.  *Id*. at 819.  If the trial court "believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge may 'set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty.'"  *Id*.  (citing TEX. CODE CRIM. PROC. art. 42.12, § 20(a)).  If a trial court "chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction."  *Id*. at 818-19.

Despite ruling on the issue as to *how* judicial clemency can apply[4], the CCA has not yet addressed the question as to *when* judicial clemency can be granted.

---

[4]The CCA has held that "while the title of Section 20 may be misleading, a close reading of the article demonstrates that Section 20 and its procedures for terminating community supervision *do not apply to a defendant place on deferred-adjudication community supervision*." *See State v. Juvrud*, 187 S.W.3d 492, 494 (Tex. Crim. App. 2006).  The CCA further held that "The judicial clemency provision…applies to offenses for which a defendant has been convicted through a straight probation." *See Yazdchi v. State*, 428 S.W.3d 831, 839 (Tex. Crim. App. 2014).

Two lower courts of appeals have directly spoken on this question. In *Fielder*, appellee Fielder was discharged from community supervision by an order signed in November 2007. *State v. Fielder*, 376 S.W.3d 784 (Tex. App. –Waco 2011, no pet.). Fielder filed a request for judicial clemency in March 2011. She argued no statutory time limit for seeking judicial clemency exists and asked the trial court consider her conduct over the roughly four-year interval following her discharge. The next month, the trial court withdrew Fielder's 2007 discharge and dismissed the indictment. Finding itself "unable to determine the source of any form of jurisdiction on the part of the trial court with regard to Fielder's successfully served and discharged community supervision" at the time of its 2011 grant of judicial clemency, the Waco Court of Appeals concluded that the trial court lacked jurisdiction to render its 2011 judgment. *Id*. at 785-87.

In *Shelton*, the State appealed an April 2011 order that granted a motion for judicial clemency by appellee Shelton and dismissed his 1985 conviction. *State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, no pet.). On appeal, the State argued that the trial court lacked jurisdiction to render the challenged order. The Amarillo Court of Appeals agreed, rejecting Shelton's argument that the phrase "at any time," which begins the first sentence of § 20(a), means judicial clemency may be granted at any time after the completion of community supervision. *Id*. at 619.

4

As we read § 20(a), whether in its current form or its predecessor forms we have referred to, the beginning phrase "at any time" rather clearly applies to the actions the court is authorized to take by the first sentence of the section. Our reading is supported by the later inclusion of language clearly stating that the required discharge occurs on "expiration of the period of community supervision." Discharge occurs at that time, not "at any time."

*Id.* The Amarillo Court of Appeals also rejected Shelton's argument that the CCA's opinion in *Cuellar* somehow held that there were virtually no timing restrictions as to when judicial clemency could be granted:

Appellee's second argument is based on the statement in *Cuellar* that judicial clemency is appropriate "when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society. . . ." 70 S.W.3d at 819. Appellee reasons that judicial clemency thus may only be granted a defendant who has both paid his debt and shown that he has truly reformed. The court in *Cuellar* was addressing the requirements for judicial clemency and its effects, not its timing. *Id.* We are unable to wring from the court's discussion of judicial clemency in *Cuellar* a holding, or even a suggestion, that a court, after having granted a "usual" discharge, may sixteen years later determine that the probationer only now is completely rehabilitated, and exercise a grant of judicial clemency.

*Id.* In discussing the existence of any time limit on the authority of a trial court to grant judicial clemency if it had already granted a regular discharge, the Amarillo Court of Appeals cited and discussed *State v. Patrick*, in which the CCA determined a trial court acted without jurisdiction when it ordered DNA testing based neither on Chapter 64 nor a pending habeas corpus application. *Id.* at 617 (citing *State v. Patrick*, 86 S.W.3d 592 (Tex. Crim. App. 2002)). The Amarillo

5

Court of Appeals noted that the CCA addressed the concept of "continuing jurisdiction," stating that the Legislature "knows how to provide continuing jurisdiction if doing so is its intent." *Id*. After interpreting § 20(a) and declaring that the Legislature intended the judicial clemency decision to be made at the same time as the "usual" discharge, the Amarillo Court of Appeals stated "If the Legislature intended that trial courts have continuing jurisdiction over cases in which community supervision has been completed satisfactorily and the required discharge issued, for the purpose of considering further requests for judicial clemency, as the court in *Patrick* said, the Legislature knows how to provide it." *Id*. at 618.

## B. Analysis

In the instant case, Appellee was discharged from community supervision on January 29, 2006. The trial court granted Appellee's motion for judicial clemency on July 28, 2015, over nine years after Appellee's discharge from community supervision. *Fielder* and *Shelton* demonstrate that there is nothing in the statute or case law that resurrects or creates continuing jurisdiction for a trial court to render an order granting judicial clemency to Appellee some nine years after his discharge from community supervision. (CR 10, 25). The State invites this Court to follow the sound reasoning dispensed by the Waco and Amarillo Courts of Appeals in *Fielder* and *Shelton*. Should this Court follow *Fielder* and *Shelton*, it will logically

6

conclude that because the trial court did not have jurisdiction to render the order granting Appellee's motion for judicial clemency, said order is void.

## CONCLUSION

The State of Texas, Appellant, respectfully submits, that, for the reasons set forth herein, the trial court's order granting Appellee's motion for judicial clemency is void.

## PRAYER

Wherefore, premises considered, the State of Texas prays the Court reverse the order of the trial court granting Appellee's motion for judicial clemency.

Respectfully submitted,

RICARDO RODRIGUEZ, JR.
Criminal District Attorney
Hidalgo County, Texas


/s/ Luis A. Gonzalez

LUIS A. GONZALEZ, ASSISTANT
Criminal District Attorney
Hidalgo County, Texas

HIDALGO COUNTY COURTHOUSE
Edinburg TX 78539
Telephone #:  (956) 318-2300 ext. 750
Facsimile #:  (956) 380-0407
luis.gonzalez@da.co.hidalgo.tx.us
State Bar No. 24083088

ATTORNEYS FOR APPELLANT

7

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document has <u>2965</u> words.

/s/ Luis A. Gonzalez
Luis A. Gonzalez

**CERTIFICATE OF SERVICE**

I hereby certify that I have sent a true and correct copy of the foregoing Brief of Appellant to counsel for Appellee, Juan Alvarez, via electronic service to his email, juanlaw1@gmail.com, on this the 9th day of October, 2015.

/s/ Luis A. Gonzalez
Luis A. Gonzalez